CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/13/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| W.C. ENGLISH, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> RUMMEL, KLEPPER & KAHL, LLP, *ET AL.*, <br><br> *Defendants.* | CASE NO. 6:17-CV-00018 <br><br> ORDER AND FINAL JUDGMENT <br><br> JUDGE NORMAN K. MOON |

In its previous opinion and order, this Court asked for further briefing on prejudgment interest. In response, Plaintiff W.C. English, Inc. ("English") and Defendant Rummel, Klepper & Kahl, LLP ("RK&K") submitted a joint stipulation of dismissal of RK&K's counterclaim (dkt. 106), and Defendant CDM Smith, Inc. ("CDM Smith") filed briefs in support of prejudgment interest (dkt. 102, 105), which English opposed (dkt. 104). The stipulation of dismissal resolves all remaining disputes between English and RK&K, but the Court now addresses the prejudgment interest on CDM Smith's counterclaim.

During the course of the project, English had paid CDM Smith's monthly invoices within thirty days of receipt. CDM Smith submitted its final invoice on February 1, 2014. CDM Smith argues prejudgment interest should begin accruing on March 1, 2014, which was thirty days after it submitted its final invoice. But the subcontract between English and CDM Smith stated "payment to [CDM Smith] is dependent, as a condition precedent, upon [English] receiving payment (including retainage) from [VDOT]." The Supreme Court of Virginia has held that these "pay when paid" clauses are valid and enforceable. *See Galloway Corp. v. S.B. Ballard Const. Co.*, 250 Va. 493, 501 (1995); *see also Universal Concrete Prod. v. Turner Const. Co.*, 595 F.3d 527, 529 (4th Cir. 2010) (discussing *Galloway*). English did not receive payment from

VDOT until February 23, 2016. And so English did not owe CDM Smith payment until seven days after it was paid, or March 1, 2016.

CDM Smith responds that English did not receive payment because of its own mistakes and extended negotiations with VDOT. Even so, English was within its rights to work through the dispute resolution process with VDOT. CDM Smith also argues that it would be equitable for it to receive prejudgment interest from the earlier date because it had no control over English's discussions with VDOT. But "equity follows the law," *Hedges v. Dixon Cty.*, 150 U.S. 182, 192 (1893), and so this Court will order prejudgment interest beginning on the date CDM Smith would have been entitled to payment under the contract. Extending English's calculations to the date of this order, CDM Smith is entitled to $41,889.37 in prejudgment interest.

Accordingly, CDM Smith's request for prejudgment interest is **GRANTED**. The Court **ENTERS** final judgment for CDM Smith on its counterclaim in the total amount of **$371,549.10**. This consists of the $329,659.73 in unpaid fees plus the prejudgment interest. CDM Smith will also be entitled to post-judgment interest under 28 U.S.C. § 1961. RK&K's motion for prejudgment interest (dkt. 103) is **DENIED as moot** in light of its stipulation with English.

It is so **ORDERED**. The Clerk of the Court is directed to send a copy of this Order and Final Judgment to Plaintiffs, Defendants, and all counsel of record.

Entered this __13th__ day of April, 2018.

*[Signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE